# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GARY W. MCARTHUR, )<br>)<br>Defendant. ) | Case No. 12-CR-30137-MJR |

## ORDER

**REAGAN, District Judge:**

Defendant McArthur was indicted May 24, 2012, in a single count indictment (Doc. 1) charging Production of Child Pornography, in violation of 18 USC 2251(a). The indictment speaks of a single cellphone digital image of minor A.H. that entered interstate commerce. Trial is set to commence October 22, 2012. Before the Court are three motions in limine filed by Defendant McArthur (Docs. 18-20), as well as the Government's responses (Docs. 24-26).

### Applicable Legal Standards

*In limine* is Latin for "at the outset." A motion in limine is a motion made at the outset or threshold of the case, typically prior to the commencement of trial. *See* Black's Law Dictionary (9th ed. 2009).[1] The Federal Rules of Evidence do not explicitly authorize in limine rulings, but the practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). "Motions in limine are of

---

[1] The United States Supreme Court has used the term more broadly, "to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." **Luce v. U.S.,** 469 U.S. 38, 40 n.2 (1984).

1

course common, and frequently granted, in criminal as in civil trials." *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007).

Motions in limine are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999). *Accord Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996)(motions in limine aid the trial process by "enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence … without lengthy argument at, or interruption of, the trial."). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). Additionally, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings." *Jonasson*, 115 F.3d at 440.

As the United States Court of Appeals for the Seventh Circuit has summarized: "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir.), *cert. denied,* 535 U.S. 1119 (2002), *citing U.S. v. Haynes,* 143 F.3d 1089, 1090 (7th Cir. 1998), and *U.S. v. Blassingame,* 197 F.3d 271, 279 (7th Cir. 1999). *See also U.S. v. Acox,* 595 F.3d 729, 733 (7th Cir. 2010)(If issue raised by motion in limine is definitively resolved before trial, an objection at trial is unnecessary).

The court should grant a motion in limine only if the movant demonstrates that the evidence in question is inadmissible on any ground, for any purpose. *See, e.g., Jonasson,* 115 F.3d at 440; *Ellis v. Country Club Hills*, 2011 WL 6001148 (N.D. Ill. 2011); *Payne v. Schneider National Carriers, Inc.*, 2011 WL 1575422 (S.D. Ill. 2011).

Motion in limine rulings are made before the district court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce,* 469 U.S. at 41 ("a ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Furthermore, a court may defer decision on a motion in limine until trial, if the motion needs to be placed in a fact-specific or evidence-specific context. The Seventh Circuit noted in *Jonasson,* 115 F.3d at 440:

> [T]he motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It … permits the trial judge to eliminate from further consideration evidentiary submissions that clearly out not be presented to the jury….
>
> Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.

*See also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975)(often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial); *U.S. v. Brown,* 2011 WL 43038, *3 (N.D. Ill. 2011)(delaying ruling may afford the judge a better opportunity to gauge the impact of the evidence in question); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 287 (S.D. N.Y. 1996)(district court can deny a motion in limine that lacks the necessary specificity as to the

evidence to be excluded or the reason for the introduction of such evidence; court also can reserve ruling until trial, when admission of particular pieces of evidence can be viewed in an appropriate factual context.). With these principles in mind, the Court turns to the motions in limine filed in the instant case.

### The Statutory Offense

In determining Defendant's motions in limine, it is necessary to keep in mind the statutory offense charged, 18 U.S.C. § 2251(a):

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

### Doc. 18: Defendant's First Motion in Limine

Defendant's First Motion in Limine (Doc. 18) seeks to exclude statements of A.H. based on *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004), *unless* A.H. testifies at trial.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." The Confrontation Clause and Federal Rule of Evidence 801, "the hearsay rule", bar

the admission of hearsay evidence that is "testimonial," unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). "Testimonial" statements are typically "solemn declaration[s] or affirmation[s] made for the purpose of establishing or proving some fact," and may include "material such as affidavits, custodial examinations, prior testimony that the defendant was unable cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially." Id. at 51. Statements taken by the police in the course of an interrogation, even if not sworn/under oath, are deemed testimonial. *Id*. at 52.

In response (Doc. 24), the Government acknowledges that there is an audio and video recording on an interview of A.H. at the Madison County Child Advocacy Center. However, the Government indicates that it has no intention of running afoul of *Crawford*. Rather, the Government will only seek to admit the recording as permitted under the Federal Rules of Evidence.

Defendant's First Motion in Limine (Doc. 18) is **GRANTED, provisionally**. If the Government wants to introduce the recording, a side bar should be requested.

### Doc. 19:  Defendant's Second Motion in Limine

Defendant McArthur's Second Motion in Limine seeks to exclude *all* evidence of McArthur's alleged sexual relationship with victim A.H., pursuant to Federal Rules of Evidence 403 and 404(b). Defendant would have the ban extend specifically to McArthur's April 1, 2012, videotaped interview with police, A.H.'s interview(s), and even circumstantial evidence.

The Government counters that McArthur had a months-long sexual relationship with A.H., and the picture at issue was taken within the context of that relationship, which involved McArthur taking other pictures during sexual encounters (Doc. 26). The Government

contends the relationship is relevant to establishing how and why A.H. was induced to pose for McArthur, or to take the picture herself. It is further argued that the "sexually explicit" element of the charge, which can be satisfied by lascivious exhibition, can be proved by understanding the photo in the context of the relationship between A.H. and McArthur—making clear that the photo was intentionally taken to elicit a sexual response in the viewer. The Government also contends the relationship is admissible under Federal Rules of Evidence 414 and 404(b). From the Government's perspective, McArthur does not appreciate the difference between unfairly prejudicial evidence, which is inadmissible, and merely damning evidence.

In a criminal "child molestation case, Federal Rule of Evidence 414 permits the admission of relevant evidence that the defendant committed other "child molestation." "Child molestation" is defined as including any conduct prohibited under Title 18 U.S.C. chapter 110, which encompasses 18 U.S.C. § 2251, the charge against Defendant McArthur. Fed.R.Evid. 414(d)(2)(B). As required, the Government has given notice that it intends to offer evidence under Rule 414.

Federal Rule of Evidence 404(b) is a specialized rule of relevance that allows evidence of other acts of a defendant to be admitted at trial to prove motive, intent, common scheme, etc., subject of course to the strictures of Rule 403. *See Warren v. Solo Cup Co.,* 516 F.3d 627 (7th Cir. 2008). In making the determination of whether to admit evidence of other or prior acts, the Court of Appeals for the Seventh Circuit has delineated the following considerations:

> (1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and

(4) the prejudicial effect of the evidence must not substantially outweigh its probative value.

*Mathis v. Phillips Chevrolet, Inc.,* 269 F.3d 771, 775–776 (7th Cir. 2001) (quoting *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 494–495 (7th Cir. 1998)). The fourth consideration, regarding weighing prejudice and probative value, reflects the standard in Rule 403. *See United States v. Ciesiolka,* 614 F.3d 347, 357–358 (7th Cir. 2010) ("We have previously explained that the Rule 403 standard incorporated in the requisite test for admitting evidence under Rule 404(b) has teeth.").

Defendant's Second Motion in Limine (Doc. 19) is **DENIED**. The Court recognizes the volatility of this evidence and will consider an appropriate cautionary instruction tendered by Defendant and given at the time of the testimony. The proposed evidence passes muster under the Rule 403 balancing test.

### Doc. 20:  Defendant's Third Motion in Limine

Defendant McArthur's Third Motion in Limine seeks to exclude all evidence of McArthur's sexual relationship with his ex-wife, Kimberly McArthur, who was 14 when she had sex with McArthur (they were married shortly thereafter). McArthur argues that, even if the evidence is admissible under Federal Rule of Evidence 404(b), its probative value is outweighed by unfair prejudice and should be barred under Rule 403. McArthur notes that there was a 12-year gap between the two alleged incidents of sexual misconduct, and no other photos or evidence of a general sexual interest in children. Thus, he questions the relevance of the incident, particularly in light of associated unfair prejudice.

The Government contends that evidence of McArthur's prior sexual relationship with then 14-year-old Kimberly McArthur is admissible under Federal Rules of Evidence 414 and 404(b), if Defendant McArthur "opens the door" in some manner, which appears virtually

7

certain (Doc. 20). The Government views the prior sexual relationship as relevant to motive, intent, knowledge or the absence of mistake or accident. It is particularly probative of an abnormal sexual attraction, which provides motive. *See United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006); *United States v. Burt*, 495 F.3d 733, 741 97th Cir. 2007). Defendant McArthur attempts to distinguish *Sebolt* by characterizing his relationship with a 14-year-old Kimberly McArthur as a one-off situation, or somehow distinguishable from the behavior of one with a general sexual interest in children.

In a criminal "child molestation case, Federal Rule of Evidence 414 permits the admission of relevant evidence that the defendant committed other "child molestation." "Child molestation" is defined as including any conduct prohibited under Title 18 U.S.C. chapter 110, which encompasses 18 U.S.C. § 2251, the charge against Defendant McArthur. Fed.R.Evid. 414(d)(2)(B). As required, the Government has given notice that it intends to offer evidence under Rule 414.

Federal Rule of Evidence 404(b) is a specialized rule of relevance that allows evidence of other acts of a defendant to be admitted at trial to prove motive, intent, common scheme, etc., subject of course to the strictures of Rule 403. *See Warren v. Solo Cup Co.,* 516 F.3d 627 (7th Cir. 2008). In making the determination of whether to admit evidence of other or prior acts, the Court of Appeals for the Seventh Circuit has delineated the following considerations:

> (1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value.

*Mathis v. Phillips Chevrolet, Inc.,* 269 F.3d 771, 775–776 (7th Cir. 2001) (quoting *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 494–495 (7th Cir. 1998)). The fourth consideration, regarding weighing prejudice and probative value, reflects the standard in Rule 403. *See United States v. Ciesiolka,* 614 F.3d 347, 357–358 (7th Cir. 2010) ("We have previously explained that the Rule 403 standard incorporated in the requisite test for admitting evidence under Rule 404(b) has teeth.").

Defendant's Third Motion in Limine (Doc. 20) is **GRANTED IN PART**; ruling is otherwise **RESERVED**. The motion is granted to the extent the Government may not delve into the sexual relationship between Defendant and Kimberly McArthur in their opening statement or on direct examination. If Defendant testifies, the relationship *may* be relevant to show Defendant's motive, intent, knowledge or absence of mistake. Similarly, evidence of the relationship may be admitted in rebuttal for the same purpose(s). Until the Court hears the testimony, any broader ruling would be premature.

**IT IS SO ORDERED.**

**DATED: October 16, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**